Cum a, per
Colcock, J.
The counsel for the appellant has presented some strong arguments against the construction which has been long given to the statute of Charles in this state, and pointed out very clearly the technical difficulty which has resulted from that construction, of selling one mans land under a judgment and execution obtained against another. But even if the objections were greater we could not at this day depart from that construction which the statute has received for 20 or 30 years. For by doing so we should jeopardize one half of the landed estates in the country. Since the construction which was given to the statute by which lands have been considered as equally liable to the debts of the ancestor as chattels, it would not be venturing too far to say that two thirds of the valuable land in the state have passed through different hands. But when we lay aside those distinctions between land and personal property which arise from feudal doctrines, the principal objection to the construction which has prevailed here, is, that it *135 operates to deprive the heir of his land without his knowledge and often times when the personal estate has not been all disposed of.
But upon a little examination we shall find that from the changes which have taken place in our laws of descents, and in the relative value of real and personal property, that these objections have lost much of their force, and that in truth nothing remains but the technical objection; and the force of that is much diminished by the adaptation of the legal process to the construction which has prevailed.
By the act of 1791 there is now no individual who stands in that relation to the executor or administrator that the heir at law did, and consequently there is not that collision of interest which subsisted between them. (a) The land as well as the personal property is distributable among all the children in equal shares. So that in a case of intestacy all the family are interested in the land; and therefore it is not very important which is sold first the land or personalty. And in the case of a devise of land, the 3, and 4 Wm. & Mary, Ch. 14, destroys the old common law notion that the devisee by taking as a purchaser excluded the creditor, and the lands devised are still liable to the debts of the testator. The devisee then may very easily protect his rights by making enquiry into the affairs of the estate, as he would have an undoubted right to do. Where the whole family are interested in the land, it would be often times a great hardship to compel the executor or administrator to sell all the personal estate before the land; for it frequently happens in the present day that the personal is more valuable than the real estate, and it would amount to a serious injury to pursue the old common law doctrine which was intended *136 for the benefit of the heir. The technical objection has in - duced many persons to make tip their proceedings in sucha manner as to show a full administration of the personal-estate and then to suggest that there are lands, but this in fact did not remove the difficulty, for it did not operate as a notice to the heir or devisee. But this practice fell into disuse, for it was said if the land was equally liable with the personalty why say any thing about it in the record, it is enough, to frame the execution in such a manner that the land may be taken by virtue of it and sold. Nothing is said in the proceedings generally against a debtor as to the particular kind of property which he possesses. It was therefore enough to convert the old fi. fa. which it is admitted was a process operating at the common law only against personal property, into an execution against the lands also, and this is now invariably done. So that notwithstanding the true interpretation of the statute of Charles may have been that the land should be made liable by proceedings against the heir or devisee, yet in fact the purpose is sufficiently effected by our mode of proceeding, and the well established doctrines as to the rights of devisees.

Motion Dismissed.

 See Hall vs. Hall, 2 M'Cord’s Chancery Reports. 302.